**EXHIBIT A**

| Marion County<br>5 Oak Avenue,<br>Jasper, TN 37347 | **STATE OF TENNESSEE**<br>**CIVIL SUMMONS**<br>page 1 of 1 | Case Number<br>23876 |
|---|---|---|
| VELMA M. AUSTIN | Vs. | TREVAUGHN SABBS, and MELTON TRUCK LINES, INC. |

Served On:
MELTON TRUCK LINES, INC. BOC-3 Agent, Markowitz Law Group, P.C.
45 North B.B. King Blvd., 2nd Floor, Memphis, TN. 38103-2367

You are hereby summoned to defend a civil action filed against you in Circuit Court, Marion County, Tennessee. Your defense must be made within thirty (30) days from the date this summons is served upon you. You are directed to file your defense with the clerk of the court and send a copy to the plaintiff's attorney at the address listed below. If you fail to defend this action by the below date, judgment by default may be rendered against you for the relief sought in the complaint.

Issued: 10/8/26 — Kelli Moran, Clerk / Deputy Clerk

Attorney for Plaintiff: Annette T. Kelley, THE HAMILTON FIRM
601 E. Main Street, Chattanooga, TN 37408

**NOTICE OF PERSONAL PROPERTY EXEMPTION**

TO THE DEFENDANT(S): Tennessee law provides a ten thousand dollar ($10,000) personal property exemption as well as a homestead exemption from execution or seizure to satisfy a judgment. The amount of the homestead exemption depends upon your age and the other factors which are listed in TCA § 26-2-301. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for your self and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Please state file number on list.

Mail list to ______________, ______ Clerk, ____________ County
______________________

**CERTIFICATION (IF APPLICABLE)**

I, ______________, ____________ Clerk of ____________ County do certify this to be a true and correct copy of the original summons issued in this case.

Date: ______________ ______________ Clerk / Deputy Clerk

**OFFICER'S RETURN:** Please execute this summons and make your return within ninety (90) days of issuance as provided by law.

I certify that I have served this summons together with the complaint as follows: ______________

______________

Date: ______________ By: ______________ Please Print: Officer, Title

______________ Agency Address ______________ Signature

**RETURN ON SERVICE OF SUMMONS BY MAIL:** I hereby certify and return that on ______________, I sent postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in the above styled case, to the defendant Melton Truck Lines, Inc. On ______________ I received the return receipt, which had been signed by ______________ on ______________. The return receipt is attached to this original summons to be filed by the Court Clerk.

Date: ______________ ______________ Notary Public / Deputy Clerk (Comm. Expires ______)

______________ Signature of Plaintiff ______________ Plaintiff's Attorney (or Person Authorized to Serve Process)

**(Attach return receipt on back)**

*ADA: If you need assistance or accommodations because of a disability, please call ______________, ADA Coordinator, at ( ) ______________.*

*Rev. 03/11*

IN THE CIRCUIT COURT FOR MARION COUNTY
STATE OF TENNESSEE

| | | |
|---|---|---|
| VELMA M. AUSTIN, | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION FILE |
| Vs. | : | |
| | : | NO. 23874 |
| TREVAUGHN L. SABBS, and MELTON TRUCK LINES, INC., | : | |
| | : | JURY DEMAND |
| Defendants. | : | |

**COMPLAINT**

***COMES NOW*** the Plaintiff, VELMA M. AUSTIN, by and through counsel, and hereby brings this cause of action for injuries and damages against the Defendants as hereinafter described and respectfully represents as follows:

1. Plaintiff VELMA M. AUSTIN is a resident of Macon, Georgia.

2. Defendant TREVAUGHN L. SABBS (hereinafter referred to as "Defendant Sabbs") is a resident of Texas, and is subject to the jurisdiction of this Court, and may be served at 5650 Grissom Rd., Apt. 1804, San Antonio, TX 78238-2254. Defendant Sabbs is subject to the jurisdiction of this Court, and is a non-resident motorist, who is subject to giving a deposition in this State per the Tennessee Non-Resident Motorist Statute.

3. Defendant, MELTON TRUCK LINES, INC., (hereinafter referred to as "Defendant Melton"), is a foreign corporation and for-hire motor carrier (USDOT No. 34666/MC No. 100666) with its principal place of business and corporate headquarters located at 808 N. 161st East Ave., Tulsa, OK 74116, maintains a BOC-3 agent for service of process through the Federal Motor Carrier Safety Administration as Markowitz Law Group, P.C. 45 North B.B. King Blvd., 2nd Floor, Memphis, TN 38103-2367.

4. Defendant Melton is a nonresident motor carrier that was transacting business and operating a commercial motor vehicle upon the highways and roadways of the State of Tennessee at the time of the wreck.

5. Defendant Melton does business in the State of Tennessee, including but not limited to transporting commerce in and through the State of Tennessee on a regular and continuing basis.

6. Defendant Melton is a for-hire motor carrier operating a tractor-trailer while transporting property in interstate commerce at the time of the wreck.

7. Jurisdiction and Venue are proper in this Court.

8. On or about November 11, 2025, at approximately 4:30 p.m., Plaintiff was asleep in the sleeper berth of her parked 2019 Freightliner truck-tractor at a truck stop at Pilot Travel Center located on Dixie Lee Avenue in Monteagle, Marion County, Tennessee.

9. At the same time and place, Defendant Sabbs was operating a 2025 Kenworth tractor-trailer and was leaving the parking lot of the truck stop.

10. At all relevant times, Plaintiff was lawfully present and at rest in the sleeper berth of her parked vehicle.

11. Suddenly and without warning, Defendant Sabbs cut his turn too short as he was leaving the parking lot.

12. The rear of Defendant Sabbs's truck-tractor struck the front right side of Plaintiff's parked truck-tractor, tearing off the engine cover.

13. Defendant Sabbs's actions caused the injuries and losses complained of herein.

14. At all relevant times, Defendant Melton was the motor carrier responsible for the operation and safety of the tractor-trailer operated by Defendant Sabbs.

15. At all relevant times, Defendant Melton owned the tractor-trailer operated by Defendant Sabbs.

16. At all relevant times, Defendant Sabbs was an employee and/or agent of Defendant Melton.

17. At all times relevant hereto, Defendant Sabbs was a truck driver for Defendant Melton and was acting in the scope and course of his employment or agency with Defendant Melton.

18. At all times relevant hereto, Defendant Melton was acting by and through its employees/agents and is responsible for the acts of those employees and agents pursuant to *respondeat superior*, agency, or similar theory of law.

19. The wreck occurred as a direct and proximate result of the following acts, omissions, conduct, negligence, and reckless conduct on the part of Defendant Sabbs, as follows:

a. Failing to keep his vehicle under control;

b. Failure to exercise due care in violation of T.C.A. § 55-8-136;

c. Failure to comply with the required obedience to traffic laws in violation of T.C.A. § 55-8-103;

d. Failing to keep a proper lookout;

e. Failing to apply his brakes, alter direction of travel, or take any other appropriate action when he, by the exercise of due and reasonable care, should have seen Plaintiff's vehicle;

f. Failing to operate his vehicle in a safe and prudent manner in view of the conditions which existed at the time of the collision;

g. Failing to operate his vehicle in a manner considerate of the safety and lives of the other persons lawfully at the location;

h. *Negligence per se;* and,

i. Such other actions or inactions that may be shown by the evidence at trial.

20. Defendants are responsible for the acts, omissions, and conduct of Defendant Sabbs in the operation of the tractor-trailer pursuant to *respondeat superior*, agency or similar theory of law.

21. The wreck further occurred as a direct and proximate result of the following acts, omissions, and conduct on the part of Defendant Melton:

a. Negligence in hiring and/or contracting with Defendant Sabbs to drive their commercial motor vehicle;

b. Negligence in failing to adequately supervise Defendant Sabbs;

c. Negligence in failing to train Defendant Sabbs to properly and safely drive their commercial motor vehicle;

d. Negligence in entrusting the commercial motor vehicle to Defendant Sabbs; and,

e. Such other actions or inactions that may be shown by the evidence at trial.

22. At all times relevant to this action, the Defendants were subject to the minimum safety standards established by the Federal Motor Carrier Safety Regulations (49 C.F.R. §§ 301-399), either directly, or as adopted by the Tennessee Department of Transportation Safety Rules & Regulations 1340-6-1-.08 and pursuant to T.C.A. §§ 65-2-102 and 65-15-113, and other applicable provisions of law. Defendants were required to obey the FMCSR at the time of the collision, which is the subject of this action, and at all relevant times prior to the collision.

23. Defendants will be shown at trial to have violated the State and Federal Motor Carrier Safety Regulations, which constitute negligence *per se*.

24. T.C.A. §§55-10-311 and 55-10-213 are applicable to this case and provide presumptions and prima facie evidence that the use of the subject commercial motor vehicle by Defendant Sabbs was with the authority, consent, and knowledge of the owner of the vehicle, and that the operation of the subject vehicle was for the use and benefit of said owner. As a result, Defendant Melton is vicariously liable for the negligence acts and/or omissions of Defendant Sabbs.

25. As a direct and proximate result of the negligence of the Defendants, Plaintiff sustained permanent injury, physical pain and mental suffering, and loss of enjoyment of life. She has experienced pain and suffering and will continue to experience pain and suffering in the future. She has incurred medical expenses and will continue to incur medical expenses in the future.

32. For her injuries, pain and suffering, mental anguish, medical expenses, loss of earnings and loss of earning capacity, permanent injury, and loss of enjoyment of life, Plaintiff is entitled to recover damages from the Defendants in a reasonable sum to be determined by a jury at trial, not to exceed $500,000.00, plus the costs of this cause.

***WHEREFORE***, the Plaintiff prays and demands:

i. That she have judgment against Defendants for all general damages, compensatory damages, and special damages, as determined by the jury against all defendants, jointly and severally;

ii. For court costs and discretionary costs;

iii. That a jury be empaneled to try the issue when joined; and,

iv. That she have such other, further relief as may be just, proper, and reasonable in the premises.

Respectfully submitted,

**THE HAMILTON FIRM**

**ANNETTE T. KELLEY**
Tennessee BPR No. 021796
**PATRICK A. CRUISE**
Tennessee BPR No. 024099
*Attorney for Plaintiff*

601 E. Main Street
Chattanooga, TN 37408
Phone: (423) 634-0871
Fax: (423) 634-0874
Email: atk@thehamiltonfirm.com